IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE CEASAR, | : | |
| Petitioner | : | |
| | : | CIVIL NO. 4:CV-07-1646 |
| | : | |
| v. | : | |
| | : | (Judge Jones) |
| DESTINATION SENTENCE | : | |
| COMPUTATION CENTER | : | |
| EXAMINE (NUN), et al. | : | |
| Respondents | : | |

## MEMORANDUM

December 3 , 2007

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On September 7, 2007, Petitioner Maurice Ceasar filed with the Court a

submission titled "Petition for Writ of Habeas Corpus Under Title 28 U.S.C. § 2241."

(Doc. 1.) On the same date, Ceasar also filed an application to proceed *in forma*

*pauperis*. (Doc. 2.) Ceasar is an inmate presently confined at the Canaan United

States Penitentiary in Waymart, Pennsylvania ("USP Canaan"). Ceasar is in custody

under a sentence imposed by the Superior Court of the District of Columbia. (Doc. 1

at 2.) In his petition, Ceasar challenges the calculation of his sentence and release

date. (*See* Doc. 1 at 1, 5-8, 9-10, 13.)

Ceasar also filed a second submission with the Court which he titled "Ex-Parte Motion for Termination of Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1)." (Doc. 6.)  In this submission, Ceasar requested that the term of supervised release to which he was sentenced by the District of Columbia Superior Court be terminated and replaced with placement in a residential drug treatment program.

On October 23, 2007, this Court issued a service Order treating Ceasar's petition as it had been labeled, namely as one filed under 28 U.S.C. § 2241.  (Doc. 4). However, on November 8, 2007, this Court vacated its original service order because neither of Ceasar's petitions may be properly considered under § 2241, but rather must be considered under § 2254, as Ceasar is a state prisoner.  (*See* Doc. 8).  In addition, the November 8, 2007 Order advised Ceasar of the consequences of treating his submissions as petitions under § 2254.  *See United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000).  Ceasar was also given the chance to withdraw his submissions and file one all-inclusive § 2254 petition. (*See* Doc. 8).

On November 20, 2007, Ceasar filed a document in which he stated that he wishes to withdraw both of his pending petitions and file one all-inclusive petition under § 2254.  (Doc. 10 at 1-2).  Accordingly, this Court will deem the petitions

withdrawn.[1]  Ceasar's submissions are withdrawn without prejudice to his ability to re-file one all-inclusive petition pursuant to 28 U.S.C. § 2254.  However, Ceasar is reminded that 28 U.S.C. § 2244(d) sets forth a one-year statute of limitations for filing a § 2254 petition and that he should consult that section to determine when the one-year period starts to run in his case.

Also currently pending is Ceasar's motion to stay this action pending his transfer between Bureau of Prisons facilities.  (Doc. 7.)  Given that Ceasar has elected to withdraw his current submissions, the Court will deny this motion as moot.

An Order consistent with this Memorandum will issue.

---

[1] In his response to the Miller/Mason order, Ceasar also requested an extension of time in which to file the election form which was included with the order. (See Doc. 10.) However, Ceasar stated "I wish to withdraw both of your [sic] submissions in regards to 2241 and ex parte claims - without prejudice; to proceed under § 2254, 28 U.S.C." (Doc. 10 at 1 [emphasis in original].) As Ceasar has clearly indicated his desire to withdraw his habeas submissions in order to file one all-inclusive petition under § 2254, he need not file the election form and the court will deny as moot his request for an extension of time in which to do so.